UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CERENYA DRAKE-SNIJDER,

    Plaintiff,

v.    Case No. 1:15-CV-162
    Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
    _____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) which denied her claim for disability insurance benefits (DIB) and supplemental security income (SSI).

Plaintiff was born in 1976. PageID.372. She completed the 12th grade, had additional training in cosmetology school, and had previous employment as a hair stylist, skin care technician, receptionist and singer. PageID.378, 383. Plaintiff alleged a disability onset date of February 15, 2007. PageID.372. She identified her disabling conditions as bipolar disorder and attention deficit disorder (ADD). PageID.377. An administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on September 13, 2013. PageID.38-51. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905

F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the

plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of February 15, 2007, and that she meets the insured status requirements of the Act through September 30, 2013. PageID.40. At the second step, the ALJ found that plaintiff had severe impairments of ADD, bipolar disorder, panic attacks, history of alcohol abuse, cervical degenerative disc disease and spondylitis/spinal narrowing. *Id.* At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.41.

The ALJ decided at the fourth step that:

> [T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). The claimant can lift and carry up to twenty pounds occasionally and ten pounds frequently. At one time, she can sit for one hour, stand for two hours, and walk for two hours. In an eight-hour workday, she can sit for six hours, stand for four hours, and walk for four hours. She can use her upper extremities for reaching overhead bilaterally on a less than frequent basis. She is limited to reaching in all other directions with the right extremity on a less than frequent basis and with the left extremity on a frequent basis. She can push and pull with her bilateral upper extremities on a frequent basis. She can climb ramps and stairs on a less than frequent basis, but she can never climb ladders, ropes or scaffolds. She can frequently stoop and can crawl less than frequently. She cannot engage in commercial driving. She must avoid concentrated exposure to fumes, dusts, gases, odors, poor ventilation, vibrations, dangerous moving machinery, extremes of heat and cold, and unprotected heights. She can understand, remember and perform simple tasks and make simple work related decision, but is limited to less than frequent interaction with the public, coworkers, and supervisors. In addition, she is limited to work which consists of less than frequent changes in the work place environment or expectations.

PageID.43. The ALJ also found that plaintiff was unable to perform any past relevant work. PageID.40.

At the fifth step, the ALJ determined that plaintiff could perform a significant number of unskilled jobs at the sedentary exertional level in the national economy. PageID.49-50. Specifically, plaintiff could perform the following sedentary light, unskilled jobs in Michigan[1]: non-retail clerk (1,200 jobs); general clerk (4,100 jobs); and automatic machine tender (3,500 jobs). PageID.50.[2] Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from February 15, 2007 (the alleged onset date) through September 13, 2013 (the date of the decision). PageID.50-51.

### III. ANALYSIS

Plaintiff has raised three issues on appeal.[3]

#### A. ALJ Grit erred by failing to make findings regarding the severity of claimant's personality disorder diagnosis.

Plaintiff contends that the ALJ erred at step two of the sequential evaluation by failing to identify her borderline personality disorder as a severe impairment. A "severe impairment" is defined as an impairment or combination of impairments "which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c) and 416.920(c). Upon

---

[1] Although the ALJ's decision did not identify the "region," the record reflects that these jobs are located in the State of Michigan. PageID.87.

[2] The ALJ's decision understated the available jobs identified by the vocational expert, who testified that a hypothetical person with plaintiff's RFC could perform 12,000 non-retail clerk jobs and 41,000 general clerk jobs. PageID.88-91.

[3] Plaintiff filed a motion for summary judgment (docket no. 12) contrary to the Court's direction that "Motions for summary judgment are inappropriate in Social Security cases and shall not be filed." Notice (docket no. 10). Plaintiff's counsel is advised that future motions for summary judgment may be stricken.

determining that a claimant has one severe impairment at step two of the sequential evaluation, the ALJ must continue with the remaining steps in the evaluation. *See Maziarz v. Secretary of Health & Human Services*, 837 F.2d 240, 244 (6th Cir. 1987).  Once the ALJ determines that a claimant suffers from a severe impairment, the fact that the ALJ failed to classify a separate condition as a severe impairment does not constitute reversible error. *Id.*  An ALJ can consider such non-severe conditions in determining the claimant's residual functional capacity (RFC). *Id.* "The fact that some of [the claimant's] impairments were not deemed to be severe at step two is therefore legally irrelevant." *Anthony v. Astrue*, 266 Fed. Appx. 451, 457 (6th Cir. 2008).  Here, the ALJ found that plaintiff had severe impairments of ADD, bipolar disorder, panic attacks, history of alcohol abuse, cervical degenerative disc disease and spondylitis/spinal narrowing. PageID.40.  The ALJ's failure to include other severe impairments at step two is legally irrelevant. *Anthony*, 266 Fed. Appx. at 457.  Accordingly, plaintiff's claim of error is denied.

> **B.     ALJ Grit erred by failing to address plaintiff's diagnosis of personality disorder and understating the severity of her bipolar disorder, resulting in a decision not supported by substantial evidence.**

The gist of plaintiff's argument is that the AJLJ mischaracterized the medical evidence and omitted certain facts with respect to her bipolar disorder.  Arguments that an ALJ mischaracterized or "cherry picked" the administrative record are frequently made and seldom successful, because "the same process can be described more neutrally as weighing the evidence." *White v. Commissioner*, 572 F.3d 272, 284 (6th Cir.2009).  An ALJ is not required to discuss each piece of data in her opinion, so long as she considers the evidence as a whole and reaches a reasoned conclusion. *Boseley v. Commissioner of Social Security Administration*, 397 Fed. Appx. 195, 199

(6th Cir. 2010). *See Daniels v. Commissioner of Social Security*, 152 Fed. Appx. 485, 489 (6th Cir. 2005) ("an ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered").

When courts review an ALJ's decision under 42 U.S.C. § 405(g) to determine whether substantial evidence supports that decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Even if this court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147. "As long as the ALJ cited substantial, legitimate evidence to support his factual conclusions, we are not to second-guess." *Ulman v. Commissioner*, 693 F.3d 709, 714 (6th Cir.2012).

Here, the ALJ reviewed the medical record at length and provided an accurate summary of the administrative transcript. PageID.44-49. The ALJ did not understate the serious nature of plaintiff's mental impairments. On the contrary, the ALJ's RFC determination accounted for these impairments by severely restricting plaintiff's workplace activities. *See* PageID.43 ("She can understand, remember and perform simple tasks and make simple work related decision, but is limited to less than frequent interaction with the public, coworkers, and supervisors. In addition, she is limited to work which consists of less than frequent changes in the work place environment or expectations."). Accordingly, plaintiff's claim of error is denied.

      **C.**    **ALJ Grit erred by using boilerplate language which failed to inform in a meaningful reviewable way of the specific evidence the ALJ considered in determining that plaintiff's complaints were not entirely credible.**

Plaintiff contends that the ALJ used meaningless boilerplate language with respect to evaluating her credibility. PageID.906-908. Where a claimant contends that the ALJ made only a "boilerplate" credibility finding, this contention has no merit where the ALJ provided a thorough explanation elsewhere in the decision setting forth his reasons for doubting the claimant's account. *Cox v. Commissioner of Social Security*, 615 Fed. Appx. 254, 260 (6th Cir. 2015). Here, the ALJ thoroughly explained her reasons for discounting plaintiff's credibility. PageID.43-49. Accordingly, this claim of error is denied.

### IV. CONCLUSION

The ALJ's determination is supported by substantial evidence. The Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g). A judgment consistent with this opinion will be issued forthwith.

Dated: March 25, 2016                  /s/ Ray Kent
                                                     RAY KENT
                                                     United States Magistrate Judge